WILL AUSTIN d/b/a WILL AUSTIN
PHOTOGRAPHY,

     Plaintiff,

v.

                                Case No. 4:26-cv-529

SCI ACQUISITIONS, LLC d/b/a
SURFACE CENTER INTERIORS
<u>Serve at:</u> Universal Registered Agents, Inc.
12900 Metcalf, Suite 140
Overland Park, KS 66213

                                **JURY TRIAL DEMANDED**

     Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Will Austin, doing business as Will Austin Photography ("Austin"), by and through his undersigned counsel, and hereby states for his Complaint against Defendant SCI Acquisitions, LLC doing business as Surface Center Interiors ("Defendant") as follows:

## SUMMARY OF THE ACTION AND PARTIES

1.     Plaintiff brings this action for Defendant's violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2.     Plaintiff is a full-time, self-employed professional photographer who has his primary business office in Bellevue, Washington.

3.     Plaintiff's Work (as defined herein) at issue is part of his portfolio that depicts the interior of a bathroom showroom. Plaintiff's portfolio was years in the making.

4.     In particular, the Work depicts the interior of a bathroom showroom.

5. To create the Work, Plaintiff used professional-grade photography and editing equipment that he purchased for thousands of dollars.

6. To create the Work, Plaintiff invested many hours of his professional time.

7. Plaintiff is well-paid for the Work. The minimum fee for the time and a use-limited license of the Work that Defendant used without permission in this case is more than $1,000 per individual image for a licensee who wishes to use the image nationally.

8. Defendant SCI Acquisitions, LLC doing business as Surface Center Interiors is a countertop installer company, doing business in Kansas City, Missouri. Defendant directed and/or approved of the use of the subject copyright-protected image on Defendant's website, "https://www.sci-surfaces.com."

9. Defendant used Plaintiff's Work to promote Defendant's business, as the Work depicted a bathroom interior that Defendant purported to be able to emulate through its services.

10. Defendant appropriated, without license or permission, Plaintiff's copyrighted Work to nationally advertise, market and promote Defendant's business activities across the Kansas City, Missouri area.

11. Specifically, Defendant used the Work to promote traffic to their business website; this caused Plaintiff to suffer harm in Jackson County, Missouri within this District.

12. Defendant committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting its business to the public in the course and scope of Defendant's business.

**JURISDICTION AND VENUE**

13. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15. Defendant is subject to personal jurisdiction in Missouri because Defendant conducts systematic and continuous business in Missouri- Defendant displayed the Work in this District to attract customers in this District. Plaintiff suffered the harm from the infringement in Missouri in that Defendant took and used Plaintiff's Work to reach out to customers specifically in Kansas City, Missouri in order to promote Defendant's business in Kansas City, Missouri.

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in Kansas City, Missouri in this District.

## THE COPYRIGHTED WORK AT ISSUE

17. For decades, Plaintiff has slowly compiled a portfolio of photographs of high-end residential and commercial spaces throughout the United States. Plaintiff used his own equipment, did his own editing and was wholly responsible for all aspects of the creative process. Plaintiff has long published this portfolio, including the Work, through his online store, where it remains for sale today.

18. Specifically, as part of this portfolio, Plaintiff created a photograph entitled "aird-030414-086," which is shown below and referred to throughout as the "Work."



19.     Plaintiff thereafter sought the help of a professional copyright agent, ImageRights International ("ImageRights"), to help him timely and correctly register the Work.

20.     ImageRights helped Plaintiff to register the Work with the United States Copyright Office on March 31, 2014 via USCO certificate VAu 1-168-842. The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

21.     The Work is a rendering of the interior of a bathroom showroom. To create the Work, Plaintiff took a series of photographs of the building and digitally edited and retouched lighting in the photo to create the final copyrighted image.

22.     At all relevant times, Plaintiff was the sole owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

23. Plaintiff has never issued Defendant any license to use the Work at issue in this action for any purpose.

24. On a date after the Work at issue in this action was created and registered with the United States Copyright Office, but prior to the filing of this action, Defendant copied the Work from, upon information and belief, Plaintiff's business website. Defendant would have had to "right click" the image to copy it, and would have had to remove the "copyright" watermark Plaintiff placed on the Work in third-party editing software.

25. Defendant copied Plaintiff's copyrighted Work without Plaintiff's permission.

26. After Defendant copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of Defendant's business.

27. Specifically, Defendant placed the Work on "https://www.sci-surfaces.com" (the "Website"), a website that Defendant owned, controlled, and operated to promote Defendant's business.

28. Defendant used the Work to promote its business interests, and specifically used the Work to try and entice customers to hire Defendant to build similar interiors to that shown in the Work.

29. Defendant's display of the Work was repeated and continuous.

30. Defendant displayed the Work on its website and stored it on that website for future use. *See* **Exhibit 2** from Defendant's Website.

31. Defendant displayed the Work on an unknown date that occurred after Plaintiff registered the Work.

32. In January 2026, Plaintiff first discovered that Defendant was using the Work on its website. Plaintiff was stunned and disappointed to find his photograph on Defendant's website.

33. Defendant's display of the Work is captured on its Website in the following screenshot:



34. Plaintiff carefully reviewed the screenshot and determined that this was his Work and that Defendant did not have any license or permission to use the Work, as Defendant had not paid Plaintiff for the use of his Work.

35. Defendant copied and distributed Plaintiff's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling Defendant's goods and services.

36. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, nor is it a trade secret.

37. Defendant infringed on the copyright of the Work as evidenced by the screenshot exhibits attached hereto.

**PLAINTIFF'S EFFORTS TO RESOLVE PRE-SUIT AND DEFENDANT'S RESPONSE**

38. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendant while seeking to avoid incurring any attorneys' fees or litigation expenses. Defendant ignored Plaintiff's efforts.

39. On January 2, 2026 and again on April 20, 2026, Plaintiff first notified Defendant in writing that it was using the Work without permission and notified Defendant of the specific legal allegations set forth herein. Plaintiff stressed that the situation was urgent and asked Defendant to reach out and discuss it immediately.

40. Defendant made no effort to resolve this claim thereafter.

41. Plaintiff had no option but to engage the undersigned attorney at considerable expense.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

42. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

43. Plaintiff owns a valid copyright in the Work at issue in this case.

44. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

45. Defendant copied, displayed, and distributed the Work at issue in this case after the Work was registered and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

46.     Defendant performed the acts alleged in the course and scope of its business activities and, upon information and belief, profited from its unlawful use of the Work.

47.     Specifically, the Work has attracted potential customers to Defendant's website, and Defendant has turned some of those persons into paying customers of Defendant's business.

48.     Defendant has never paid Plaintiff for the Work, and never sought permission to use the Work.

49.     Plaintiff has been damaged in an amount to be determined at trial.   In the alternative,  Plaintiff will seek statutory damages under the Copyright Act.

50.     Defendant's infringement has been willful, Specifically, Defendant knew or should have known that the Work was created by and belonged to Plaintiff.  In addition, after Plaintiff spotted their illicit use of the Work and advised Defendant of the same, Defendant left the Work on the Website for some time after January 2, 2026.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Will Austin prays for judgment against Defendant such that:

a.     Defendant and its agents, servants, employees, affiliated entities, and all of those in active concert with Defendant, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.     Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c.     Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d.     Defendant be permanently enjoined from displaying the Work; and

e.	Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By:	/s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046
7321 S. Lindbergh Blvd., Ste. 400
Saint Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*